```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

TERESA LYNN ARMSTRONG            )
                                 )
          Plaintiff,             )
                                 )
                                 )   Case No. CIV-21-178-RAW-KEW
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
          Defendant.             )

### REPORT AND RECOMMENDATION

Plaintiff Teresa Lynne Armstrong (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined she was not disabled. For the reasons discussed below, the undersigned Magistrate Judge recommends that the Commissioner's decision be REVERSED and REMANDED.

### Claimant's Background

The Claimant was 63 at the time of the ALJ's decision. She has a Bachelor of Science and has worked in the past as a public school secretary. The Claimant alleges an inability to work beginning on May 31, 2015. She claims this inability stems from limitations resulting from a total knee replacement, a right shoulder surface replacement, obesity, osteoarthritis, and

1

degenerative disc disease of the spine. She also claims she suffers from additional impairments from incontinence, depressive disorder, anxiety disorder, and a mental cognitive disorder.

## Procedural History

On August 15, 2017, the Claimant filed an application for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Her claim was initially denied and was also denied upon reconsideration. On March 5, 2018, ALJ Derek N. Phillips held the first administrative hearing. He issued a partially unfavorable decision on May 9, 2018. The Appeals Council ultimately reversed this decision on April 18, 2019. The hearing related to the decision which Claimant now appeals was held on September 17, 2020. On December 2, 2020, the ALJ issued an unfavorable decision. The Claimant requested review by the Appeals Council and the Council denied such request on April 16, 2021. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two the ALJ found the

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant show that he has a medically severe

2

following severe impairments: obesity, osteoarthritis, and degenerative disc disease of the spine. (Tr. 17). As for the Claimant's mental impairments, he found the medically determinable impairments of depressive disorder and anxiety disorder were non-severe. (Tr. 20-22). He found that the Claimant's neurocognitive disorder was not medically determinable. (Tr. 22) Between steps three and four, the ALJ determined that Claimant had the following RFC:

> [T]he [C]laimant has the RFC to perform sedentary work as defined in 20 CFR 404.1567(a), except she can operate foot and handle controls frequently bilaterally. She can reach overhead bilaterally occasionally. She can climb ramps and stairs occasionally, but never ladders, ropes, or scaffolds. She can balance, stoop, kneel, and crouch occasionally. She can never crawl. She can never work at unprotected heights, but she can operate a motor vehicle frequently. She can tolerate occasional exposure to extreme cold. In addition to normal breaks, she would be off task up to 10% of the time in an eight-hour workday. She would be absent from work one day per month.

---

impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative employment. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

(Tr. 23). The ALJ concluded that this RFC would allow the Claimant to return to her past relevant work as a school secretary. (Tr. 25). Thus, she was not disabled. (Tr. 26).

### Errors Alleged for Review

The Claimant alleges that the ALJ erred by finding that her incontinence, depression, and impaired memory were not severe impairments. Consequently, the Claimant contends that the RFC determination is flawed because it does not include limitations based on the above impairments.

### Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a

4

scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) *(*quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its discretion for the agency's. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### RFC Determination

The Claimant contends that substantial evidence does not support the ALJ's RFC determination. She specifically takes issue with the fact that the ALJ did not include limitations accounting for her urinary incontinence and mental impairments. As further explained below, the undersigned Magistrate Judge finds no error regarding the ALJ's determination that Claimant's incontinence was not severe. This Court declines to address whether the ALJ should

5

have found Claimant's depression was severe because such error would be harmless. *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe"). But the undersigned Magistrate Judge agrees that the ALJ erred by finding Claimant's neurocognitive disorder was not medically determinable and by failing to consider it in his RFC determination.

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments that "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment that warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Typically, errors in determining an impairment's severity at step two are harmless and, therefore, not reversible. *Allman v. Colvin*, 813 F.3d 1326, 1330. (10th Cir. 2016). But "a failure to find an impairment medically determinable is essentially a step-four error," which can only be harmless "if

6

the ALJ considered the non-medically determinable impairment in assessing the RFC." *Ray v. Colvin*, 657 F.App'x 733, 734 (10th Cir. 2016)(citing *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013)).

Here, at step two, the ALJ determined that Claimant's depressive and anxiety disorders did not singly and in combination cause more than minimal limitations in her ability to perform basic mental work activities and were therefore non-severe. (Tr. 20). He found that the Claimant's neurocognitive disorder was not medically determinable. (Tr. 22). In the step two discussion, the ALJ considered the four areas of mental functioning – understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 20-22). He specifically discussed the opinion of Dr. Kathleen Ward's consultative examination. (Tr. 21, 552-56). Dr. Ward's examination provided the medically acceptable objective diagnosis required to find an impairment medically determinable. Dr. Ward performed a consultative evaluation on December 12, 2016. (Tr. 554). Dr. Ward noted that the Claimant described her mood as "normal, kinda happy-go-lucky" and rated her mood as 6 out of 10. (Tr. 555). Dr. Ward also noted that the Claimant's Montreal Cognitive Assessment Test ("MOCA") score of 24/30 fell below the average range. (Tr. 555).

The Claimant had difficulty in delayed recall items, and her recall was very poor. (Tr. 555-56).

The ALJ ultimately discredited her findings regarding the Claimant's neurocognitive disorder, stating that he "gave great weight to the opinion of Stephen Scott, Ph.D. in finding no medically determinable neurocognitive disorder." (Tr. 22). The ALJ failed to properly assess the evidence when determining that Claimant's neurocognitive disorder was not medically determinable, which resulted in him not considering it when formulating the RFC. Dr. Ward's findings are enough to establish a medically determinable mental limitation, yet the ALJ ignored this evidence without providing an adequate explanation.

Since the ALJ erred in finding that Claimant's neurocognitive disorder was medically determinable, the Court also must determine if the error was harmless. As discussed above, a failure to find a condition medically determinable is only harmless if the condition is still considered when formulating the RFC. *Ray*, 657 F.App'x at 734. That is not the case here. In the RFC assessment, the ALJ "must consider the combined effects of all medically determinable impairments, whether severe or not." *Wells*, 727 F.3d at 1068-69 (10th Cir.2013) (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)). Thus, by finding that the Claimant's neurocognitive disorder was not medically determinable, the ALJ did not consider it when formulating his RFC. (Tr. 23-25). In fact,

he only briefly mentions mental limitations in his RFC determination. He briefly mentions that the Claimant says she has "poor memory." He then says he gave "great weight" to Dr. Ward's opinion that the Claimant's depressive symptoms were well controlled with medication but gave no weight to her diagnosis of a neurocognitive disorder. (Tr. 24-25).

The Commissioner maintains that substantial evidence supports the ALJ's decision and that Claimant is merely asking this Court to reweigh the evidence. Although the Court cannot reweigh the evidence or substitute its judgment for the ALJ's, it still must ensure that the decision is supported by substantial evidence and that the ALJ applied the correct legal standards. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1997). Here, the ALJ failed to evaluate the evidence properly. Specifically, he only discussed the portions of Dr. Ward's opinion that supported his finding of non-disability without explaining why he rejected the evidence that supported including neurocognitive limitations. (Tr. 20-22). This is reversible error. See, e.g., *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir.2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence").

The ALJ's unexplained conclusion that Claimant's neurocognitive disorder was not medically determinable requires the Court to reverse the decision. Without an explanation at step

two, this Court cannot say whether the ALJ's error affected the subsequent analysis. Because the record supports the finding that Claimant's memory issues were a medically determinable impairment and the ALJ failed to discredit this evidence, his RFC determination is not supported by substantial evidence and must be reversed.

As for the Claimant's argument regarding incontinence, this Court finds no error. Unlike the mental limitations, there was little medical evidence to support a finding that incontinence would prevent Claimant from working, as it improved with medication. (Tr. 684-85; 820-22). This left Claimant's subjective complaints as the only support for her incontinence. (Tr. 24). The ALJ explained that the Claimant's severity claims were inconsistent with the record. (Tr. 24). The ALJ's finding that regular bathroom breaks could accommodate Claimant's incontinence was supported by substantial evidence. (Tr. 20).

Because the ALJ failed to properly assess Claimant's RFC, her step four determination that Claimant could perform her past relevant work as a school counselor is not supported by substantial evidence. On remand, the ALJ should fully consider the evidence regarding Claimant's memory issues and fully explain why specific impairments do not result in limitations in the RFC. He should then determine what work the Claimant can perform, if any, or if she is disabled.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case REMANDED for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of September, 2022

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE